# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHEMISCHE FABRIK BUDENHEIM KG,**

    **Plaintiff,**

-vs-                   **Case No. 6:08-cv-1182-Orl-22DAB**

**BAVARIA CORPORATION INTERNATIONAL,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION FOR ATTORNEY'S FEES AND PREJUDGMENT INTEREST (Doc. No. 65)**
>
> **FILED: October 17, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

  In a prior Order granting Plaintiff's motion for summary judgment (Doc. No. 64), the District Court ruled that Plaintiff was entitled to an award of attorney's fees and an award of prejudgment interest, and referred the matter to the undersigned for quantification. Plaintiff was directed to file and serve a properly-supported application by October 21, 2009, and Defendant was ordered to file and serve its response to the fee application "on or before Wednesday, November 4, 2009." (Doc. No. 64 at p. 8). Plaintiff timely filed the instant motion, supported by memorandum and exhibits, seeking $126,830 in attorneys' fees and $150,899.14 in prejudgment interest.. Defendant has not filed a

response, as directed. Although the motion is unopposed, the Court finds it is not properly supported and cannot recommend approval of the requested amounts, for the reasons set forth below.

*Attorney's fees*

Although the District Court determined that Plaintiff is entitled to an award of attorney's fees pursuant to German civil law, Plaintiff cites no authority for how those fees are to be quantified. Nor is the Court aided by Plaintiff's prior filings. In its motion for summary judgment, Plaintiff presented an argument that read, in its entirety:

> Finally, CFB is entitled to an award of attorneys' fees and litigation expenses under the applicable law of Germany. 1-10 Business Transactions in Germany § 10.05(v)(c) (Matthew Bender & Co. 2008).

(Doc. No. 46 at 12). Interestingly enough, although Plaintiff purports to rely on the applicable law of Germany, it does not *cite* to the applicable law of Germany, but to a treatise.[1] Absent any evidence or argument with respect to the requirements of German law on this issue, the Court applies the same analysis it uses for calculating an award of fees and costs in fee-shifting cases under federal law. *See In re Parmalat,* 383 F.Supp.2d 587, 595 (S.D. N.Y. 2005) ("Where, as here, there is a failure of proof of foreign law, the court may presume that it is the same as local law.")

In this circuit, the Court applies the familiar lodestar approach in order to determine a reasonable attorney fee. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar

---

[1]The section cited is not particularly helpful to the quantification issue at hand as it notes only that where the debtor is in delay, he has to compensate the creditor's damage suffered by the delay, including "lawyer's fees for legal actions caused by the delay." *Id.* Considering the shockingly high amount of fees claimed by counsel here, the lack of appropriate briefing on this issue is unimpressive.

services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988) , (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)) The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434.

Applied here, the motion and supporting invoices indicate that two law firms and a total of seven attorneys (or, perhaps, six attorneys and a paralegal as the timekeepers are not specifically identified as to position) billed on this file, at rates up to and exceeding $500 per hour. The billing is voluminous and the total amount of hours spent per firm or attorney is not readily accessible.[2] Indeed, local counsel's invoices combine fees and costs by date incurred, making it exceptionally difficult to cull through the billing to determine the appropriate information.[3] Moreover, there is no evidence as to any of the *Johnson* factors, nor is there any evidence, by Affidavit or otherwise, that the work performed was necessary and the rates billed were reasonable.

*Hours*

As best this Court can tell, counsel spent over 300 hours (local counsel at 56.9 hours[4] and 271.4 Schnader Harrison hours, minus redacted time for an approximate 250 hours) on a breach of contract case that was disposed of on summary judgment. While the case had a certain degree of complexity due to the application of foreign law, there were no hearings or trial, and nothing to the Court's eye that justified the need for seven professionals at top dollar.

Review of the billing invoices reveals that, by any measure, the billing was excessive. As can be expected with so many cooks in the kitchen, duplicative work and redundancies abound. For example, there are numerous charges for communication amongst Plaintiff's various attorneys. Counsel also billed for non-compensable items such as the time and cost to be admitted into the bar

---

[2] Lead counsel's firm has invoiced two cases for the same client on a single bill, making certain handwritten deductions for the second case. There is no itemization as to each attorney's time and rate specific to this case only.

[3] The Affidavit of local counsel Douglas R. Beam includes a summary that purports to indicate that the firm billed $17,070.00 in fees and $529.98 in costs, for a grand total of $17,149.98, of which $18,207.48 was paid. *See* Doc. No. 65-2. Unless German law has altered the basic principles of mathematics, the Court takes judicial notice that these numbers do not add up.

[4] This amount was determined by dividing the claimed total fees of $17,070.00 by the claimed rate of $300 an hour.

of this District, as well as travel time into the district for depositions. While Plaintiff is certainly free to choose whatever staffing arrangements it desires in litigating a case, when it seeks to visit the cost of that choice on its adversary, it is only entitled to reimbursement of *reasonable* costs. Costs that do not move the case forward or that are incurred due to Plaintiff's choice of out of state counsel are not properly shifted to an opponent. There is no evidence that it was necessary to devote over 300 hours to secure the result achieved here, and nothing to indicate that any billing judgment was applied, save for redacting time spent on another case. In view of the *Johnson* factors, the Court finds such an expenditure of time to be unreasonable and unsupported.

### *Rates*

Similarly, there is no argument or evidence to support the reasonableness of the rates claimed herein. Absent any evidence with respect to the qualifications or experience of each counsel, the Court cannot find that the rates charged are reasonable for the work they performed. As a general observation, the Court knows of no case in this division where fees in excess of $500 per hour were found to be appropriate for a breach of contract action that was never tried. As is set forth above, Plaintiff is only entitled to reasonable rates, defined with respect to the locality at issue: Orlando. Without evidence as to the timekeepers, the Court cannot make the required evaluation.

### *Calculation of the fee*

As Plaintiff has failed to provide any evidentiary support for the hours and rates it seeks, and the Court finds the request excessive as a matter of law, the Court cannot recommend that the request for $126,830 in fees be granted. If the District Court is inclined to make an award of attorney's fees on this record, the Undersigned, using inherent expertise and judgment as to a reasonable fee for similar work in this Division, **respectfully recommends** a fee of no more than **$40,000.00.**

### *Interest*

Plaintiff fares better on proof of the appropriate rate of interest. In its motion, Plaintiff adopts the proofs and argument submitted with the motion for summary judgment subsequently granted by the District Court, and waives its claim to any right to interest past those calculations (Doc. No. 65 at 3). As the Court has already determined that Plaintiff is entitled to an award of pre-judgment interest pursuant to German Civil Law based upon this proof and absent any opposition, the Court finds the Declaration and accompanying spreadsheet to be sufficient for entry of an award of pre-judgment interest in the total amount of $150,899.14. *See* Doc. No. 46 at pp. 10-12; Doc. No. 46-2 at 1-2; and Doc. No. 46-4 at 45-58.

*Recommendation*

For the foregoing reasons, it is **respectfully recommended** that the motion be **granted, in part and denied, in part, as follows:**

1. The Court should deny the motion for attorney's fees or, alternatively, should award a fee of no more than $40,000.00. Costs under 28 U.S.C. § 1920 should be taxed by the Clerk upon submission of a Bill of Costs, in the normal course. No other non-taxable "costs" or litigation expenses should be awarded.

2. Prejudgment interest in the total amount of $150,899.14 should be included in the final judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 16, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy