**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHEMISCHE FABRIK BUDENHEIM KG,**

          **Plaintiff,**

**-vs-**                                                        **Case No. 6:08-cv-1182-Orl-22DAB**

**BAVARIA CORPORATION**
**INTERNATIONAL,**

          **Defendant.**
_____

## ORDER

This cause is before the Court for consideration of Plaintiff Chemische Fabrik Budenheim KG's ("CFB") Application for Attorneys' Fees and Prejudgment Interest (Doc. No. 65) filed on October 17, 2009. United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R&R") on November 16, 2009 recommending that the Motion be granted in part and denied in part. (Doc. No. 66.) CFB filed an Objection to Judge Baker's R&R (Doc. No. 67) on November 20, 2009.

In its July 9, 2009 Order, this Court upheld the October 1, 2006 Distributorship Agreement's choice of law provision and stated that German law, including the United Nations Convention of Contracts for the International Sale of Goods, governs all disputes regarding the parties' rights and obligations. (*See* Doc. No. 53.) Additionally, the Court previously determined that, under German civil law, the losing party is obligated to pay costs and attorneys' fees to the winning party. (*See* Doc. No. 64 p. 6.) However, as Judge Baker aptly noted, CFB fails to cite to German law regarding how fees are to be quantified. (*See* Doc. No. 66 p. 2.) Accordingly, the

Court agrees with Judge Baker that "[a]bsent any evidence with respect to the requirements of German law on this issue, the Court applies the same analysis it uses for calculating an award of fees and costs in fee-shifting cases under federal law." (*Id*.)

In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 1292 (citing *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id*. at 1303. As the Eleventh Circuit noted in *Norman*,

> [w]here the fees or time claimed seem expanded or there is lack of documentation or testimonial support the court may make the award on its own experience. Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing.

*Id.*

In his R&R, Judge Baker found that CFB failed to provide any evidentiary support for the hours and rates that it seeks. (*See* Doc. No. 66 p. 5.) Accordingly, Judge Baker recommended that the Court deny the motion for attorneys' fees or, alternatively, award a fee of no more than $40,000.00 for this case. (*Id*. at 6.) Further, Judge Baker recommended that the Court enter an award of prejudgment interest in the total amount of $150,899.14. (*Id*.)

In its objections to the R&R, CFB objects to Judge Baker's "recommendation insofar as it is for the judgment not to include any attorneys' fees." (Doc. No. 67 p. 1) (emphasis in original).

It is important to note that neither party objects to Judge Baker's alternative recommendation of an award of a fee of no more than $40,000.00. The Court further notes that Judge Baker's recommendation was based on his own "inherent expertise and judgment as to a reasonable fee for similar work in this Division." (Doc. No. 66 p. 5.) The Court concurs in Judge Baker's determination that $40,000.00 is a reasonable fee for this sort of case in this Division. The Court also agrees with Judge Baker that (1) the total number of hours sought by CFB's counsel is unreasonable and excessive; and (2) the reasonableness of the rates claimed is unsupported.

Based on the foregoing, it is **ORDERED** as follows:

1. Magistrate Judge David A. Baker's November 16, 2009 Report and Recommendation on the Plaintiff's Application for Attorneys' Fees and Prejudgment Interest (Doc. No. 66) is **APPROVED** and **ADOPTED** insofar as it recommends the denial of the full amount of fees requested and an award of fees in the amount of $40,000.00.

2. Plaintiff Chemische Fabrik Budenheim KG's objection to the Report and Recommendation (Doc. No. 67), filed on November 20, 2009, is **MOOT**.

3. Plaintiff Chemische Fabrik Budenheim KG's Application for Attorneys' Fees and Prejudgment Interest (Doc. No. 65), filed on October 17, 2009, is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** insofar as it seeks an award of attorneys' fees and prejudgment interest. The Motion is **DENIED** insofar as it seeks an award of fees in the amount of $126,830.00. Fees in the amount of $40,000.00 are awarded.

4. The Clerk is directed to enter judgment in favor of Plaintiff Chemische Fabrik Budenheim KG and against Defendant Bavaria Corporation International for **$944,874.07** in damages, **$40,000.00** in attorneys' fees, and **$150,899.14** in prejudgment interest.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 6, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

*ANNE C. CONWAY*
United States District Judge